IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRCIT OF MISSISSIPPI
NORTHERN DIVISION

**FREDDIE L. BROWN, JR.**                                                                 **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO. 3:18-cv-487- HTW-LRA**

**SCOTT WIGGINS**                                                                      **DEFENDANT**

## ORDER

Before this court are: 1) the *Motion for Leave to file a Sur-Reply to USA's Motion to Substitute and Motion to Dismiss* [doc. no. 23] filed by the Plaintiff herein, Freddie L. Brown, Jr. ["Brown" or "Plaintiff"]; and 2) the *Motion to Strike Plaintiff's Sur-reply* [doc. no. 21] filed by the Defendants Scott Wiggins and the United States of America;[1]

On September 24, 2018 the United States filed a Motion to Substitute Party [doc. no. 6] and a Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim [doc. no. 8]. The Plaintiff filed his Response in opposition to both motions on October 8, 2018, with one Response [doc. no. 13] and one Memorandum Brief [doc. No. 14]. This does not comport with the Local Uniform Civil Rules of the United States District Courts for the Northern District and the Southern District of Mississippi. The local rules require that "[a] separate response must be

---

[1] Although Scott Wiggins is the only named Defendant in this case, the United States of America has filed a motion to be substituted as the sole party defendant pursuant to 28 U.S.C. §2679 (Federal Tort Claims Act). The Federal Tort Claims Act provides that if a federal employee was acting within the scope of his employment at the time of the conduct out of which a state law clam arises, then any civil action arising out of the conduct shall be deemed an action against the United States, and the United States shall be substituted as the sole defendant with respect to that claim. 28 U.S.C. §2679 (d)(2).

1

filed as to each separately docketed motion." L.U.Civ.R. 7(b)(3)(B).[2] Plaintiff is admonished, in the future, to provide a separate response for each separately docketed motion.

The United States, on October 15, 2018, filed its separate Reply to Plaintiff's Response to the "Motion to Substitute the United States of America for Scott Wiggins as the Sole Defendant" [doc. no. 16], and its separate Reply to Plaintiff's Response to the "Motion to Dismiss." [doc. no. 17]. Subsequently, without seeking leave of this court, Plaintiff filed his "sur-reply" to both motions, again in one document, [doc. no. 19], in contravention of the local rules and of the Federal Rules of Civil Procedure. The Government, on the following day, filed its "Motion to Strike Sur-reply to USA's Motion to Substitute and Motion to Dismiss" [doc. no. 21]. Plaintiff opposes that motion.

**1. Plaintiff's Motion for Leave to file Sur-Reply**

This court first considers Plaintiff's motion for leave to file a sur-reply [doc. no. 23]. This motion was filed only after Plaintiff already had filed his sur-reply and Defendant had moved to strike it. Rule 7 of the Local Rules of Civil Procedure contemplates only the filing of: 1) a motion: 2) a response; and 3) a reply (also referred to as "rebuttal"). See L.U.Civ.R. 7(b)(4)[3]. "Leave of court is required to file an additional brief because, *inter alia*, the movant is generally entitled to file the last pleading." *Kennedy v. Jefferson County, Mississippi by and through Board of Supervisors*, 2014 WL 12773803 (S.D. Miss. Oct. 28, 2014) *(citing*

---

[2] Additionally, the Local Rules of Civil Procedure provide: "A response to a motion may not be included in the body of a pleading, but rather should be a separately docketed item denominated in the record as a response and should be associated by docket number with the motion to which it responds." L.U.Civ.R. 7(b)(3)(D)

[3] **Rule 7(b)(4) states as follows:**
At the time the motion is served, other than motions or applications that may be heard ex parte or those involving necessitous or urgent matters, counsel for movant must file a memorandum brief in support of the motion. Counsel for respondent must, within fourteen days after service of movant's motion and memorandum brief, file a response and memorandum brief in support of the response. Counsel for movant desiring to file a rebuttal may do so within seven days after the service of the respondent's response and memorandum brief.. . .
L.U.Civ.R. 7(b)(4).

*Pierce v. The Clarion Ledger*, 433 F. Supp. 2d 754, 760 n.7 (S.D. Miss. 2006)). If, however, the moving party has raised new arguments in the reply brief, that is, raised arguments in the Reply that went beyond rebutting the Response, it might be appropriate for the court to allow a sur-reply. See *State Auto Property Casualty Insurance Company v. Pendleton,* 2017 WL 5659992 (S.D. Miss. August 18, 2017).

As Plaintiff points out, the United States included in its reply [16] two new declarations. Plaintiff contends that these additional declarations raise new matters that were not a part of Defendants' original motion. This court has the discretion to grant or to deny a request for additional briefing. This court is persuaded to allow Plaintiff's sur-reply, despite his failure to comply with the local rules and his filing of the sur-reply without leave of this court, to enable this court to have the most information possible at its disposal. To allow the movant to have the last word in this matter as contemplated by Rule 7(b)(4), Defendant is accorded the opportunity to file a response to the sur-reply if he so chooses.

**2. Defendant's Motion to Strike Sur-Reply**

This grant of leave to file additional briefing makes moot the Defendant's motion to strike the sur-reply [doc. no. 21] and it is, therefore, denied.

IT IS THEREFORE ORDERED AND ADJUDGED, that Defendants' motion to strike **[docket no. 21] is denied,** and Plaintiff's leave to file a sur-reply **[docket no. 23] is granted.** Plaintiff previously has filed his sur-reply. Defendant is granted five days within which to file a response to the sur-reply, should he choose to do so.

SO ORDERED AND ADJUDGED, the 7th day of August, 2019.

                                              _s/ HENRY T. WINGATE_____
                                              UNITED STATES DISTRICT JUDGE